PEOPLE, PLAINTIFF AND APPELLEE, *v.* RUIZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution for Adulteration of Milk.

No. 1899.—Decided April 20, 1922.

PUBLIC HEALTH—ADULTERATED MILK.—The mere fact that adulterated milk is sold from a cart and not at the stand, the owner not being present, is no bar to a judgment of conviction against the owner for selling adulterated milk.

The facts are stated in the opinion.

*Mr. E. Campillo* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Manuel Ruiz is the owner of a milk depot. Anastacio Toledo is or was one of his employees and was found distributing milk near Río Piedras. Two inspectors took a sample of milk that he was offering for sale and found that it was adulterated by the addition of water. Frequently we are driven to the conclusion that milk dealers and their employees do not realize the enormity of the offense of depriving young children of their necessary nutriment. According to the defense, however, Anastacio Toledo, had a change of heart and after he had lost some milk and had yielded to temptation by adding water he did have a realization and confessed what he had done to his principal. He went further. To make his penitence perfectly patent he wrote a letter. The judge below evidently had some doubt of the spontaneity of this letter, for he closely questioned Anastacio, who, however, insisted upon its originality. The court did not believe the story, found the defendant guilty and sentenced him to thirty days in jail. We are in thorough accord with the courts in imposing jail sentences and not fines on this class of offenders. Appellant, in the argument in this court, assuming the truth of Anastacio's story, said that the criminal law would not hold the principal liable for the acts of his agent in a case like this. Originally when

the act prohibiting the sale of adulterated milk was passed, the Legislature made it an offense to adulterate milk knowingly. Subsequently the law was reformed making the sale or offering for sale of adulterated milk an offense, whether the sale was made with the knowledge of the principal or not. It clearly makes no difference whether the principal is present or whether he even has some one else represent him. *People* v. *Luccioni,* 29 P. R. R. 44. Extending the principle a little further, we apprehend that the law, when the guilty knowledge is not an ingredient, would make it the duty of the owner of a milk-stand to see to it that none of his milk was sold adulterated. Perhaps, as in a civil case, to avoid the pains and penalties of the law, he must secure the right kind of employees to sell his milk. It certainly makes no difference that the sale was made from a cart and away from the stand. No difference exists between such a situation and when the milk dealer is not present, as is bound to happen when he has two stands. Of course if the court is convinced that the delictive act was the arbitrary act of an employee, the penalty might be a light one.

We need not examine the law to any great extent, because we are satisfied that the basis of the conviction was that the appellant was offering adulterated milk for sale as in the ordinary case; that perhaps the court, as indicated by the sentence, believed that the principal knowingly procured or permitted adulterated milk to be sold. There is a conflict in the evidence and we find no reason to disturb the judgment. *People* v. *Sinigaglia,* 13 P. R. R. 119; *People* v. *Ramos,* 14 P. R. R. 479.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.